**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| CSX Transportation, Inc., | ) | |
| | ) | **ORDER DENYING DEFENDANT'S MOTION** |
| Plaintiff, | ) | **FOR SUMMARY JUDGMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| Superior Grains, Inc., | ) | |
| | ) | Case No. 4:07-cv-034 |
| Defendant. | ) | |

_____

　　　　Before the Court is defendant Superior Grains, Inc.'s Motion for Summary Judgment filed

on November 1, 2007.  The plaintiff, CSX Transportation, Inc., filed a response in opposition to the

motion on February 8, 2008.  For the reasons outlined below, the Defendant's motion is denied.


**I.　　BACKGROUND**

　　　　This is a contract dispute regarding the payment of railroad shipping fees to the plaintiff,

CSX Transportation, Inc. (CSX).  The defendant, Superior Grains, Inc., entered into numerous

shipping contracts with Burlington Northern Sante Fe Railway Company (BNSF) for the shipment

of farm commodities from Williston, ND, to its destination in Florida.  See Docket 24-2 and 31-10.

Superior Grains paid BNSF for its railroad transport costs.  To complete delivery, BNSF transported

the freight to Chicago, Illinois, and Birmingham, Alabama, and thereafter delivered it to CSX and

Bayline Railroad.  CSX and Bayline Railroad then transported the freight to its ultimate destination

in Panama City, Florida.  See Docket 32.

　　　　CSX initiated this lawsuit contending that it is owed payment in the amount of $176,332.00

for the shipment of freight from Alabama to Florida under the contracts between BNSF and Superior

Grains.  CSX contends that it is owed the shipping fees for the freight's final leg of transportation

because the contracts were Rule 11 contracts. Rule 11 is an accounting rule promulgated by the American Association of Railroads. Rule 11 provides that shipments involving more than one carrier are billed to the shipper separately and those costs are to be paid to the secondary shipper. Superior Grains contends that the shipping contracts were not Rule 11 contracts and, as a result, no payment is owed to CSX.

## II.   <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. If the moving party has supported its motion for summary judgment, the non-moving party has an affirmative burden placed on it to go beyond the pleadings and show a genuine triable issue of fact. <u>Commercial Union Ins. Co. v. Schmidt</u>, 967 F.2d 270, 271 (8th Cir. 1992). However, the court considering a motion for summary judgment must view the evidence in the light most favorable to the non-moving party who enjoys "the benefit of all reasonable inferences to be drawn from the facts." <u>Vacca v. Viacom Broadcasting of Missouri, Inc., et al.</u>, 875 F.2d 1337, 1339 (8th Cir. 1989).

## III.   **LEGAL ANALYSIS**

This action is based on diversity jurisdiction.  The Court will apply the substantive law of North Dakota.  Paracelsus Healthcare Corp. v. Philips Med. Sys., 384 F.3d 492, 495 (8th Cir. 2004). In the absence of controlling North Dakota law, the Court is obligated to predict what North Dakota law is based on "relevant state precedent, analogous decisions, considered dicta, . . . and any other reliable data." Bockelman v. MCI Worldcom, 403 F.3d 528, 530 (8th Cir. 2005) (quoting BoBass v. Gen. Motors Corp., 150 F.3d 842, 846-47 (8th Cir. 1998)).

Superior Grains contends that its shipping contracts with BNSF did not contemplate a Rule 11 billing and, therefore, Superior Grains is not liable to CSX for the costs of transportation of Superior Grains' freight.  In support of its argument, Superior Grains has provided numerous documents created by Superior Grains pursuant to the shipping agreements with BNSF.  See Docket 24-2.

CSX contends that Superior Grains' documents do not support a motion for summary judgment because the shipping release documents are not authenticated and constitute hearsay. Federal Rule of Evidence 901(a) states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  Federal Rule of Civil Procedure 56(e) requires that exhibits and documents submitted in support of a motion for summary judgment must be made on personal knowledge, sworn, certified, and show affirmatively the creator's competence to offer evidence.  Mason v. Clark, 920 F.2d 493, 495 (8th Cir. 1990);  Davis v. Howard, 561 F.2d 565, 569 (5th Cir. 1977).  "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible

in evidence or a deposition that meets the requirements of Fed.R.Civ.P. 56(e).  Documents which do not meet those requirements cannot be considered." Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005) (quoting Stuart v. Gen. Motors Corp., 217 F.3d 621, 635-36 n.20 (8th Cir. 2000)).

Superior Grains has provided shipping release documents as the sole support for its contention that its contract with BNSF was not a Rule 11 contract and, therefore, Superior Grains does not owe CSX for the shipment of freight from Alabama to Florida.  See Docket 24-2.  The Court finds that the shipping release documents are not admissible at this stage of the litigation because they were not properly authenticated.  Superior Grains has not filed an affidavit that serves to authenticate the documents, and the documents are not signed by any party.  As a result, Superior Grains has failed to support its motion for summary judgment.  Further, even if Superior Grains' shipping release documents are properly authenticated and admissible, the Court finds that CSX has presented sufficient evidence, in the form of affidavits from employees at BNSF and CSX, to create a genuine issue of material fact regarding the terms of the shipping contracts between BNSF and Superior Grains.

Superior Grains also contends that it is entitled to summary judgment because, even if CSX was owed money under the terms of the shipping contracts, CSX failed to promptly bill Superior Grains for the charges incurred.  Superior Grains cites to 49 U.S.C. § 13710(3)(A) for its contention that CSX failed to bill Superior Grains within 180 days as required under that statute.  The Court finds Superior Grains' argument to be without merit because the statute upon which Superior Grains relies, 49 U.S.C. § 13701, applies to motor carriers, not rail carriers.  The Court finds that CSX has timely contested its right to compensation for the transportation of freight on behalf of Superior Grains.

4

**IV.** **CONCLUSION**

For the reasons set forth above, Superior Grains, Inc.'s Motion for Summary Judgment

(Docket 23) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 31st day of March, 2008.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court

5